IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Baltimore Division)

| | |
|---|---|
| In re<br><br>**IRWIN ROLAND SCARFF, SR.,**<br><br>   Debtor. | Case No.: 17-21402-RAG<br><br>Chapter 11 |

### MOTION OF UNITED STATES TRUSTEE
### TO DISMISS OR CONVERT CASE TO CHAPTER 7

John P. Fitzgerald, III, Acting United States Trustee for Region Four, which includes the District of Maryland, Baltimore Division (the "United States Trustee"), in furtherance of the administrative responsibilities imposed pursuant to 28 U.S.C. § 586(a), respectfully requests that this Court enter an Order, pursuant to 11 U.S.C. § 1112(b), converting to Chapter 7 or dismissing the above-referenced case.

### BACKGROUND

1. On August 24, 2017, Irwin Roland Scarff, Sr., ("Debtor") filed a voluntary petition under Chapter 11 of the Bankruptcy Code, Debtor's second voluntary Chapter 11, without the assistance of counsel and has since acted as a debtor-in-possession pursuant to 11 U.S.C. §§ 1107 and 1108.

2. According to Debtor's Schedules and Statements, Debtor owns a parcel of property (the "Property") encumbered by five or six claims amounting to over $1,000,000.00. (Doc. 10 at 3 and Doc. 26 at 1 – 2).

3. These five or six secured debts are Debtor's only debts. (Id.)

4. Document #38 demonstrates that Debtor intends to reorganize by using his income to satisfy his secured debtor obligation and to retain the Property.

5. As described more fully below, cause exists pursuant to 11 U.S.C. § 1112(b) for the conversion or dismissal of this case.

## ARGUMENT

6. Section 1112(b) of the Bankruptcy Code generally requires that once "cause" is established the Court must take one of three actions: (1) dismiss a Chapter 11 case, (2) convert it to Chapter 7, or (3) appoint a Chapter 11 trustee. 11 U.S.C. § 1112(b); *In re Landmark Atlantic Hess Farm, LLC,* 448 B.R. 707, 712 (Bankr. D. Md. 2011). Which of the three actions should be taken is determined by the best interests of the creditors and the estate. *Id.*

7. In determining which of the three remedies is appropriate, the Court is to consider only the best interests of the creditors and the estate. The interest of the debtor is not a factor to be considered. *Lakefront Investors, LLC, v. Clarkson*, 484 B.R. 72, 84-86 (D. Md. 2012).

8. If the moving party establishes "cause," the debtor (or other party-in-interest opposing the motion) can avoid conversion, dismissal or the appointment of a trustee only by showing:

    i. "unusual circumstances establishing that converting or dismissing the case is not in the best interests of creditors and the estate";

    ii. a reasonable likelihood that a plan will be confirmed within the timeframes established in sections 1121(e) and 1129(e) of this title, or if such sections do not apply, within a

      reasonable period of time; and

      iii.    the grounds for converting or dismissing the case include an act or omission of the debtor (a) for there exists a reasonable justification, and (b) that will be cured within a reasonable period of time fixed by the court.

11 U.S.C. 1112(b)(2).[1]

9.    The Code provides 16 examples of "cause." 11 U.S.C. §1112(b)(4). The list, however, is non-exhaustive and, thus, various non-identified acts or failure to act may also constitute cause. *In re Skeen, Goldman, LLP*, Case No. 07-10535-JS, 2007 WL 4556683 at *4 (Bankr. D. Md., Dec. 20, 2007); *In re AmeriCERT, Inc.*, 360 B.R. 398, 401 (Bankr. D.N.H. 2007).

## FAILURE TO ATTEND MEETING OF CREDITORS

10.    "Cause" is expressly defined, to include, among other things: "(G) failure to attend the meeting of creditors convened under section 341(a) . . . without good cause shown by the debtor." 11 U.S.C. §1112(b)(4)(G).

11.    Upon Debtor's filing, a section 341 meeting of creditors was set to take place on September 20, 2017.

12.    On September 18, 2017, Debtor filed a motion with the Court requesting that the meeting of creditors be continued. (Doc. 15).

13.    The U.S. Trustee contacted Debtor about the motion and agreed to continue

---

[1] Where the "cause" shown is the "substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation," conversion, dismissal or appointment of a trustee is required and the exceptions set forth in this paragraph do not apply. 11 U.S.C. § 1112(b)(2)(B).

the meeting of creditors to October 25, 2017, a date acceptable to Debtor.  (Doc. 20).

14. On October 24, 2017, Debtor's case was dismissed for Debtor's administrative failures.  (Doc. 21).

15. The dismissal order was vacated on December 14, 2017 and a section 341 meeting of creditors was set to take place on January 24, 2018.  (Docs. 27 & 29).

16. Debtor did not appear at the January 24, 2018 meeting of creditors.

17. A representative of Penny Mac Corp. ("PennyMac") did appear on the date and time set for Debtor's meeting of creditors.

18. Debtor's failure to attend the meeting of creditors without good cause shown constitutes cause for conversion or dismissal.  11 U.S.C. 1112(b)(4)(G).

## CONTINUING DIMINUTION OF THE BANKRUPTCY ESTATEAND THE ABSENCE OF A REASONABLE LIKELIHOOD OF REHABILITATION

19. Debtor has filed operating reports covering the period of time from October 1, 2017 to December 31, 2017.  The reports show extremely limited monthly income of less than $2,000.00 per month (Docs. 35, 36 and 37).

20. Debtor's Statement of Financial Affairs demonstrates that Debtor's income has been extremely limited since at least 2014 and specifically states that Debtor has earned wages, commissions and bonuses of less than $5,000.00 in 2015 and 2016 or 2017.  (Doc. 11 at 2).

21. Debtor's income is insufficient to allow Debtor to rehabilitate by using his income to satisfy his secured debt obligation and to retain the Property, which document #38 discloses is Debtor's intent.

22.     In fact, Debtor's income is insufficient to preserve the bankruptcy estate as it existed on the filing date.

23.     The largest secured claim scheduled by Debtor is an $862,913.66 mortgage claim in favor of PennyMac.  (Doc. 10 page 13 and Doc. 26 page 1).

24.     PennyMac has filed a claim in Debtor's case alleging that $2,166,620.14 is owed on a debt subject to an annual interest rate of 7.225%.

25.     An outstanding loan balance of $862,913.66 accumulates monthly interest of $5,195.46 at an interest rate of 7.225%.

26.     Even if Debtor dedicated 100% of his income to the PennyMac debt, the debt to PennyMac will continue to increase and that growing debt to PennyMac will continue to diminish this bankruptcy estate to the detriment of junior creditors.

27.     There is no reasonable likelihood of rehabilitation in this case and there is a continuing diminution of the estate, as such, cause exists to convert or dismiss this case. 11 U.S.C. § 1112(b)(4)(A).

## FAILURE TO PAY QUARTERLY FEES

28.     Pursuant to 28 U.S.C. § 1930, Debtor is required to pay a Quarterly Fee to the U.S. Trustee.  The failure to pay the Quarterly Fee "without more, provides cause to dismiss or convert the case."  *In re Tornheim*, 181 B.R. 161, 164 (Bankr. S.D.N.Y. 1995); *see also* 11 U.S.C. § 1112(b)(4)(K) ("cause" includes "failure to pay any fees or charges required under chapter 123 of title 28").

29.     Debtor has failed to pay the full amount of the quarterly fees due in this case. Specifically, the Debtor owes past due quarterly fees of $325.00 which amount became

due on January 31, 2018.

## LOCAL RULE 9013 STATEMENTS

30. Pursuant to L.R. 9013-2, the United States Trustee advises the Court that no separate memorandum will be filed. Also, pursuant to L.R. 9013-6, the United States Trustee consents to entry of a final order or judgment in this matter by a bankruptcy judge.

WHEREFORE, the U.S. Trustee respectfully requests that this Motion be granted, and that an Order be entered:

    (a)    Dismissing this case; or

    (b)    Converting this case to a case under chapter 7 of the Code; and

    (c)    Granting such other and further relief as is just and proper.

Dated: March 6, 2018

John P. Fitzgerald, III,
Acting United States Trustee for Region Four

By: /s/ *Katherine A. Levin*
Katherine A. Levin (Fed. Bar No. 10916)
United States Department of Justice
Office of the United States Trustee
101 West Lombard Street, Suite 2625
Baltimore, Maryland 21201
(410) 962-4300
Fax: (410) 962-3537
katherine.a.levin@usdoj.gov

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 6, 2018, I served a true and correct copy of the foregoing Motion of United States Trustee to Convert Case to Chapter 7 or Dismiss Case by first class mail, postage prepaid to:

Irwin Roland Scarff
1206 Watervale Rd.
Fallston, MD 21047

According to the Court's ECF records, electronic notice of this motion should be provided to the following persons:

- Kevin R. Feig    kevin.feig@bww-law.com, bankruptcy@bww-law.com
- Katherine A. (UST) Levin    Katherine.A.Levin@usdoj.gov, brenda.b.wilmore@usdoj.gov
- US Trustee - Baltimore    USTPRegion04.BA.ECF@USDOJ.GOV

/s/ *Katherine A. Levin*
Katherine A. Levin