

ROBERT A. GORDON
U.S. BANKRUPTCY JUDGE

## IN THE UNITED STATES BANKRUPTCY COURT
### FOR DISTRICT OF MARYLAND
(at Baltimore)

| | | |
|---|---|---|
| In re: | * | |
| Irwin Roland Scarff, Sr. | * | Case No. 17-21402-RAG |
| | | Chapter 7 |
| Debtor | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

### ORDER DENYING
### MOTION TO REOPEN

On July 30, 2018, the Court entered the Order Dismissing Bankruptcy Case with Prejudice for One Year (Dismissal Order) (Dkt. No. 79).  Soon after the Dismissal Order was entered, the Debtor moved to reconsider.  The Court denied the Debtor's request by the Order entered August 20, 2018 (Order Denying Motion to Reconsider) (Dkt. No. 86).  The Dismissal Order and the Order Denying the Motion to Reconsider and the reasons stated therein are hereby incorporated into this Order.

On August 21 and August 28, 2018, the Debtor filed two Letters/Motions seeking to reopen his Chapter 7 bankruptcy case (collectively, Motion to Reopen) (Dkt. Nos. 87 & 91).  In the Motion to Reopen, the Debtor states that he suffers from a severe medical condition and is hospitalized frequently.  The Debtor contends this is cause of his failure to attend scheduled hearings before this Court.  Yet, the Debtor states that he works from home as a realtor, every

1

day he is able.  He requests that his case be reopened to continue his bankruptcy and work out a mortgage modification with the secured lender on his home.  He states that he has been advised by Rushmore Loan Services that an auction of his property is scheduled for August 30, 2018.  (*See* Dkt. No. 91).

Section 350(b) permits the Court to reopen a case "to administer assets, to accord relief to the debtor, or for other cause."  11 U.S.C. §350(b).  The Debtor has not established cause to reopen the Chapter 7 bankruptcy case and vacate the dismissal order.  *See In re Wilson*, 492 B.R. 691, 695 (Bankr. S.D.N.Y. 2013) ("The movant bears the burden to demonstrate cause for reopening the case.").  The Debtor's Chapter 11 case was converted to Chapter 7 and dismissed because the Debtor ceased prosecuting his bankruptcy case.  The Dismissal Order and the Order Denying the Motion to Reconsider specifically stated as grounds for entry of those orders including, failure to attend the Section 341 Meeting of Creditors, to pay quarterly U.S. Trustee's fees, to file the required final report and account, and to attend scheduled hearings.  Reopening this case would not afford the Debtor any relief.[1]  Here, PennyMac Loan Services, LLC (PennyMac) has already been granted relief from the automatic stay as to the Debtor's real property located at 1206 Watervale Road, Fallston, MD 21047.  (*See* Order, dated June 1, 2018; Dkt. No. 69).  Despite receiving notice of the motion before and after the case was converted, the Debtor did not oppose the motion.  The Debtor has not sought reconsideration of Order granting stay relief to PennyMac.  Reopening the case and reinstating the automatic stay would be prejudicial to creditors.  Furthermore, the Chapter 7 bankruptcy case is not a prerequisite for the Debtor's stated intent to enter into an agreement with the secured lender to modify the loan.  Thus, the case is not necessary for the Debtor to negotiate with the secured lender.  As for the

---

[1] In an individual Chapter 7 case, the automatic stay continues only "until the time a discharge is granted or denied." *Id.*  Prior to dismissal of the case, the Clerk issued a Notice that Debtor is Ineligible for Discharge (Dkt. No. 76).  Thus, it is unlikely that reopening the case would allow the Debtor to receive a discharge.

Debtor's impaired health, no evidence from an independent or third party source, such as his treating physician, has been submitted to establish his medical condition or that it impeded his ability to properly prosecute his bankruptcy case. Accordingly, it is, by the United States Bankruptcy Court for the District of Maryland

ORDERED, that the Debtor's Motion to Reopen is DENIED.

cc:    Debtor – Irwin Roland Scarff, Sr.
       Debtor's Counsel – *Pro se*
       United States Trustee – Katherine A. Levin, Esq.

**END OF ORDER**

3